# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**GARRETT CHAMBLIS,**
**ADC #159706**  **PLAINTIFF**

v.  Case No. 5:17-cv-000254-KGB/JTR

**E. BLAND, APN,**
**Varner Super Max Unit, ADC,** *et al.*  **DEFENDANTS**

## ORDER

Before the Court are three Recommended Partial Dispositions filed by United States Magistrate Judge J. Thomas Ray (Dkt. Nos. 12, 42, 43). These Recommended Partial Dispositions recommend the dismissal of certain claims brought by plaintiff Garrett Chamblis, the denial of Mr. Chamblis' motion for a temporary restraining order and a preliminary injunction, and the denial of a motion to dismiss filed by separate defendant Rory Griffin. Mr. Chamblis filed objections to the first and second Recommended Partial Dispositions (Dkt. Nos. 13, 46, 51). Upon review of the filings and a *de novo* review of the entire record, this Court adopts the second and third Recommended Partial Dispositions in their entirety (Dkt. Nos. 42, 43) and adopts in part and declines to adopt in part the first Recommended Partial Disposition (Dkt. No. 12).

### I.  The First Recommended Partial Disposition

The first Recommended Partial Disposition recommends that: (1) Mr. Chamblis' state law negligence and intentional tort claims against separate defendants Jason Kelley and Mr. Griffin be dismissed without prejudice; (2) Mr. Chamblis' state law intentional tort claims against separate defendants Estella Bland, Geraldine Campbell, Patrick Drummond, Amanda Sacket, and Ronald Stukey be dismissed without prejudice; and (3) Mr. Chamblis be allowed to proceed with his 42 U.S.C. § 1983 inadequate medical care claims against Ms. Bland, Ms. Campbell, Mr. Drummond,

Ms. Sacket, Mr. Stukey, Mr. Kelley, and Mr. Griffin, as well as his state law medical malpractice claims against Ms. Bland, Ms. Campbell, Mr. Drummond, Ms. Sacket, and Mr. Stukey.

Mr. Chamblis objects to the first Recommended Partial Disposition, arguing that his negligence claims against Mr. Griffin and Mr. Kelley should be allowed to proceed because he has not been allowed to conduct discovery on whether those defendants are covered by the Arkansas Department of Correction's liability insurance policy (Dkt. No. 13, at 5). Also, citing *Shepherd v. Washington County*, 962 S.W.2d 779 (Ark. 1998), Mr. Chamblis argues that he has alleged facts sufficient to allow his intentional tort claims to survive screening (*Id.*, at 2).

The Court adopts the first Recommended Partial Disposition to the extent it finds that Mr. Chamblis' state law intentional tort and negligence claims against separate defendants Mr. Kelley and Mr. Griffin must be dismissed to the extent these individuals are state employees. "Officers and employees of the State of Arkansas" are entitled to statutory immunity from claims "other than [for] malicious acts or omissions" which occur within the scope of their employment. Ark. Code Ann. § 19-10-305(a). "[A] bare allegation of willful and wanton conduct is not enough to demonstrate malice." *Early v. Crockett*, 436 S.W.3d 141, 151 (Ark. 2014). Per *Shepherd*, "a person acts willfully and wantonly when he knows or should know in the light of surrounding circumstances that his conduct will naturally and probably result in emotional distress [and bodily harm] and continues such conduct in reckless disregard of the consequences." 962 S.W.2d at 791 (quoting *Croom v. Younts*, 913 S.W.2d 283, 286 (Ark. 1996)). Mr. Chamblis' complaint contains no allegations that Mr. Kelley and Mr. Griffin—both of whom he appears to allege are officers or employees of the State of Arkansas[1]—knew or should have known that their actions would cause

---

[1] Mr. Chamblis appears to allege that Mr. Kelley and Mr. Griffin are officers or employees

Mr. Chamblis emotional distress or bodily harm. Accordingly, Mr. Chamblis' state law intentional tort and negligence claims against Mr. Kelley and Mr. Griffin to the extent they are alleged to be state employees are barred by statutory immunity and must be dismissed without prejudice.

Mr. Chamblis' unspecified intentional tort claims against Ms. Bland, Ms. Campbell, Mr. Drummond, Ms. Sacket, and Mr. Stukey must also be dismissed without prejudice because Mr. Chamblis did not plead facts sufficient to support any Arkansas intentional tort claim. Likewise, to the extent Mr. Kelley is not a state employee entitled to statutory immunity, the Court concludes that Mr. Chamblis' unspecified intentional tort claim against Mr. Kelley must be dismissed without prejudice because Mr. Chamblis did not plead facts sufficient to support any Arkansas intentional tort claim against Mr. Kelley either.

The Court determines Mr. Chamblis is allowed to proceed with this Arkansas medical malpractice claim against Ms. Bland, Ms. Campbell, Mr. Drummond, Mr. Sacket, and Mr. Stukey. The Court also determines that Mr. Chamblis is allowed to proceed with his § 1983 inadequate medical care claims against Ms. Bland, Ms. Campbell, Mr. Drummond, Ms. Sacket, Mr. Stukey, Mr. Kelley, and Mr. Griffin. The Court declines to adopt the first Recommended Partial Disposition to the extent it does not dismiss Mr. Chamblis' § 1983 claims seeking compensatory damages against state defendants in their official capacities. Claims for monetary damages against a state actor—including state employees acting in their official capacities—are barred by sovereign

---

of the Arkansas Department of Correction in his complaint (Dkt. No. 2, at 2, ¶¶ 7,8); these allegations appear to be reinforced by exhibits attached to his complaint (Dkt. No. 2, at 23, 24). The Court notes that Mr. Kelley answered Mr. Chamblis' complaint by admitting that he is an employee of Correct Care Solutions, LLC, a private healthcare provider who, under contract, furnishes medical services to inmates (Dkt. No. 36, at 1, ¶ 3), calling into doubt Mr. Kelley's status as a state employee.

immunity. *Fegans v. Norris*, 537 F.3d 897, 908 (8th Cir. 2008). The Court dismisses with prejudice Mr. Chamblis' § 1983 inadequate medical care claims for monetary damages against stated defendants in their official capacities.

## II. Second Recommended Partial Dispositions

The second Recommended Partial Disposition recommends that this Court dismiss Mr. Chamblis' motion for a temporary restraining order and a preliminary injunction on the grounds that Mr. Chamblis has not demonstrated a likelihood that he will succeed on the merits or that he will face irreparable harm in the absence of preliminary injunctive relief (Dkt. No. 42, at 3). In his motion for a temporary restraining order and a preliminary injunction, Mr. Chamblis seeks "an evaluation of the condition of [his] right shoulder, armpit, arm[,] and a prescription of a course of physical therapy that will restore and maintain the full function of his right shoulder, armpit, [and] arm." (Dkt. No. 7, at 1). In response, defendants represent that:

> [Mr. Chamblis] has been seen and treated by medical providers, evaluated by a general surgeon, currently has a consult pending for a second CT (to be followed by a return visit to the general surgeon) and has a consult pending for an orthopedic evaluation at UAMS.

(Dkt. No. 37, ¶ 10). Mr. Chamblis in fact concedes that on January 26, 2018, he was evaluated by a doctor who concluded that Mr. Chamblis had a severe torn muscle in his right armpit area, and the doctor scheduled a follow-up to evaluate the extent of Mr. Chamblis' injury (Dkt. No. 46, at 4). After a *de novo* review of the record and the filings before the Court, the Court finds that Mr. Chamblis' motion is moot and adopts the second Recommended Partial Disposition in its entirety (Dkt. No. 43). Accordingly, the Court denies Mr. Chamblis' motion for a temporary restraining order and a preliminary injunction (Dkt. No. 7).

### III. Third Recommended Partial Disposition

The third Recommended Partial Disposition recommends the denial of Mr. Griffin's motion to dismiss for failure to state a claim. Mr. Griffin has not filed objections to the third Recommended Partial Disposition and the time to do so has passed. Accordingly, the Court adopts the third Recommended Partial Disposition in its entirety (Dkt. No. 43). The Court denies Mr. Griffin's motion to dismiss (Dkt. No. 15).

### IV. Conclusion

It is therefore ordered that:

1. Mr. Chamblis' state law negligence and intentional tort claims against Mr. Kelley and Mr. Griffin are dismissed without prejudice;

2. Mr. Chamblis' state law intentional tort claims against Ms. Bland, Ms. Campbell, Mr. Drummond, Ms. Sacket, Mr. Stukey, and Mr. Kelley are dismissed without prejudice;

3. Mr. Chamblis' § 1983 inadequate medical care claims for monetary damages against state defendants in their official capacities are dismissed with prejudice;

4. Mr. Chamblis' motion for a temporary restraining order and a preliminary injunction is denied (Dkt. No. 7);

5. Mr. Griffin's motion to dismiss for failure to state a claim is denied (Dkt. No. 15).

It is so ordered, this the 17th day of September, 2018.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge