# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**GARRETT CHAMBLIS,**
**ADC #159706**                                                                                    **PLAINTIFF**

v.                        Case No. 5:17-cv-000254-KGB/JTR

**E. BLAND, APN,**
**Varner Super Max Unit, ADC,** *et al*.                                                           **DEFENDANTS**

## ORDER

The Court has reviewed the Partial Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 81). Plaintiff Garrett Chamblis filed objections on March 21, 2019 (Dkt. No. 82). After careful consideration of the Partial Recommended Disposition and the objections, and a *de novo* review of the record, the Court concludes that the Partial Recommended Disposition should be approved and adopted in its entirety as this Court's findings in all respects (*Id*.). Consistent with the Partial Recommended Disposition, the Court grants, in part, and denies, in part, the motion for summary judgment filed by Estella Bland, Amanda Sackett, Patrick Drummond, Geraldine Campbell, Dr. Ronald Stuckey, and Jason Kelley (Dkt. No. 64). The Court grants the motion for summary judgment filed by Rory Griffin (Dkt. No. 54).

The Court writes separately to address Mr. Chamblis' objections (Dkt. No. 82). In his objections, Mr. Chamblis argues that his "monetary claims should be granted by this Court for in ADC Policy AD-14-16 monetary claims are not grievable." (*Id*., at 1). Mr. Chamblis asserts that he has "been charged for medical sick calls" and for his "legal fees." (*Id*.). The Court also notes that, in his complaint, Mr. Chamblis seeks monetary relief against defendants (Dkt. No. 2, at 21-22). In support of his argument, Mr. Chamblis attaches a page of Administrative Directive 14-16

("AD 14-16"), which states:

> Remedies available do not include disciplinary actions against employees, contractors, or volunteers, nor monetary damages. The policy violation/incident/action alleged in the grievance shall be investigated because of the particular grievance if not previously grieved or otherwise prohibited under this grievance policy.

(*Id.*, at 2).

While Mr. Chamblis does not elaborate on this argument, the Court interprets Mr. Chamblis' objections as arguing that he is not required to exhaust his grievances due to the statement in AD 14-16 that monetary damages are not available as a remedy. This argument has been foreclosed by precedent. *See Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001) (citing *Booth v. Churner*, 532 U.S. 731 (2001)) (holding that the unavailability of monetary damages in the prison grievance process did not excuse the plaintiff's failure to exhaust his administrative remedies). Accordingly, the unavailability of monetary damages in the prison grievance process does not excuse Mr. Chamblis' failure to exhaust his administrative remedies. *See Williams/Rashid v. Ark. Dep't of Correction*, Case No. 1:08-cv-00025 SWW/HDY, 2010 WL 4867426 (E.D. Ark. Nov. 1, 2010) (holding that plaintiff's inability to receive monetary damages through the grievance process did not excuse his failure to exhaust his administrative remedies).

Accordingly, except for Mr. Chamblis' claim that Ms. Bland provided constitutionally inadequate care between May 18, 2017, and August 29, 2017, the Court dismisses without prejudice Mr. Chamblis' constitutional claims against defendants Ms. Bland, Ms. Sackett, Mr. Drummond, Ms. Campbell, Dr. Stuckey, and Mr. Kelley. The Court dismisses without prejudice Mr. Chamblis' claims against Mr. Griffin. The Court dismisses Mr. Kelley and Mr. Griffin as parties to this action. Mr. Chamblis is permitted to proceed on his claim against Ms. Bland alleging that she provided constitutionally inadequate care between May 18, 2017, and August 29, 2017,

and his state medical malpractice and negligence claims against Ms. Sackett, Mr. Drummond, Ms. Campbell, Ms. Bland, and Dr. Stuckey.

It is so ordered this 26th day of March, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge